### COMMONWEALTH CASUALTY CO. v. SPOHN.

Ohio Appeals, 5th Dist., Richland Co.

Lewis Brucker and A. B. Mabee, Mansfield, for Casualty Co.

Huston & Hutchinson, Mansfield, for Spohn.

**647. INSURANCE.—677. Judgments and Decrees.—1265. Weight of Evidence.**
(Continued on Page 30)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
## NEW CASES DOCKETED

**December 6, 1927**

20850—Cleveland Ry. v. Edwin G. Trcka. Motion for Cuyahoga Appeals to certify. Squire, Sanders & Dempsey, and F. B. Shaw, Cleveland, for pltff; George W. Spooner, Cleveland, for deft.

**December 22, 1927**

20877—Damascus Mfg. Co. v. Union Trust Co. Motion for Cuyahoga Appeals to certify. Garfield MacGregor & Baldwin, Cleveland, for pltff; Stearns, Chamberlain & Royon, Cleveland, for deft.

20878—James Collari v. State of Ohio. Motion for leave to file petition in error to Cuyahoga Appeals. Buonpane & Marco, Cleveland, for pltff; E. C. Stanton, Cleveland, for deft.

20879—Lazaros F. Lazarides v. Josephine Turowske. Motion for Stark Appeals to certify. E. T. Bow, Canton, for pltff; R. J. Van Nostran and Turner, Ake & Abt, Canton, for deft.

20880—Henry C. Tuggle et v. State of Ohio. Motion for leave to file petition in error to Lucas Appeals. Larry Bevan, Toledo, for pltff; L. W. Hunt, Toledo, for deft.

**December 23, 1927**

20881—Olive Thompkinson v. Martin Baking Co. Motion for Cuyahoga Appeals to certify. Stephen M. Young, Cleveland, for pltff; Dustin, McKeehan, Merrick Arter & Stewart, Cleveland, for deft.

20882—Addison R. Wilson v. E. J. Hanratty, Sheriff. Error to Cuyahoga Appeals. Quigley & Byrnes, Cleveland, for pltff; Edw. C. Stanton and E. J. Thobaben, Cleveland, for deft.

20883—Jos. F. Blanchard et v. Electric Sales Co. Motion for Stark Appeals to certify. Elson Wefler, Massilon, for pltff; David E. Kramer, Canton, for deft.

**December 30, 1927**

20887—Rob. P. Graves et v. Percy G. Hills; motion for Lorain Appeals to certify. B. D. Keith and Niman & Buss, Cleveland, for pltff; Glitsch & Stack, Lorain, for deft.

20888—Guardian Savings & Trust Co. v. First Trust & Savings Bank of Canton; motion for Stark Appeals to certify. Squire, Saunders & Dempsey and C. R. Megerth, Cleveland, for pltff; Lynch, Day, Pontius & Lynch, Canton, for deft.

**December 31, 1927**

20889—Ashwood Land Co., Inc.., et v. Leopold Chappie et; motion for Cuyahoga Appeals to certify. Garber & Garber and Burnette & Burnett, Cleveland, for pltff; Guy O. Farquharson, Cleveland, for defts.

**January 3, 1928**

20890—State of Ohio v. Mike Peponick; motion for leave to file bill of exceptions to Common Pleas Court of Tuscarwas County. A. L. Limbach and J. E. Patrick, New Philadelphia, for plff; E. E. Lindsay, New Philadelphia, for deft.

20891—Cleveland Hotel Co. v. Harry C. Long; motion for Cuyahoga Appeals to certify. J. H. McNeal and Dustin, McKeehan & Stewart, Cleveland, for pltff; Newcomb, Newcomb & Nord, Cleveland, for deft.

**January 3, 1928**

20892—White Sewing Machine Co. v. Helen Rae Feisel,. a minor; motion for Lucas Appeals to certify. Frasier, Hiett & Effler, Toledo, for pltff; H. H. Crist and W.. W. Campbell, Toledo, for deft.

20893—L. H. Worthley, Adm. of European Corn Borer Control et v. Ella Gillmor; motion for Sandusky Appeals to certify. G. F. Branigan, Toledo, G. W. Ritter, Toledo, and E. C. Turner, Columbus, for pltffs; F. E. Seager and A. E. Culbert, Fremont, for defts.

20894—Harmony Realty Co., Inc., v. Sadie Underwood; motion for Cuyahoga Appeals to certify. W. H. McNorris, Cleveland, for pltff; Klein, Harris & Diehm, Cleveland, for deft.

**January 5, 1928**

20895—Metropolitan Life Ins. Co. v. Leroy J. Contie, Admr.; motion for Stark Appeals to certify. Gnau & Miller and Pomerene & Rodgers, Canton, for pltff; N.. A. Sponseller, Canton, for deft.

20896—Columbus, Del. & Mar. Elec. Co. v. Bd. of Commrs. of Marion County et; motion for Marion Appeals to certify. W. P. Maloney, Marion, for pltff; Frank Wiedeman, Marion, for defts.

**January 8, 1928**

20902—Edney B. Kridler et v. Central National Bank,. Executor. Motion for Cuyahoga Appeals to certify. E. E. Davis, Toledo, and Howell Roberts & Duncan, Cleveland, for pltffs; White, Cannon & Spieth, Cleveland, for deft.

20903—Board of Education of the City School District. of Columbus, v. City of Columbus; record certified for review and final determination by Court of Appeals of Franklin county. E. C. Turner and C. F. Ohl, Columbus, for pltff; C. A. Leach and Baxter Evans, Columbus,. for deft.

20904—Frank Mantell v. Department of Education. Petition for review, modification, vacating, setting aside and amending of order of Department of Education on application for approval and passing of Tunney-Dempsey Boxing Contest Films. M. M. Matusoff, Dayton, M. L.. Bigger and E. T. Powell, Columbus, for pltff; E. C. Turner and L. C. Lavlin, Columbus, for defts.

**January 9, 1928**

20905—Baltimore & Ohio R. R. Co. v. Henry G. Metz. Motion for Cuyahoga Appeals to certify. Tolles, Hogsett & Ginn, Cleveland, for pltff; M. C. Harrison and Thos. Stevenson, Cleveland, for deft.

20906—Morris Harper v. Maple Heights Construction Co. et. Motion for Cuyahoga Appeals to certify. H. A. McNamee and Vickery & Vickery, Cleveland, for pltff; Dustin, McKeehan & Stewart, Cleveland, for defts.

## PROCEEDINGS OF
## SUPREME COURT

**GENERAL DOCKET**
Wednesday, January 11, 1928.

20683—George J. J. Mackay v. State of Ohio, Cuyahoga. Petition in error filed as of right dismissed, no debatable constitutional question involved. Dock. 5 Abs. 506.

20724—Floyd Kelsey v. State of Ohio, Cuyahoga. Petition in error filed as of right dismissed. No constitutional question involved. Dock. 5 Abs. 556.

(Continued on Page 31)

### 1927 BOUND VOLUMES.

Last week the publishers of the Abstract bound up, and sent out, to many of its subscribers, the 1927 numbers which they had sent in for binding, and they are now enjoying the use of the bound books. As we are able to do this work with dispatch, we invite other attorneys who have unbound books, to send them to the Abstract for this service.

### THE ANNUAL DIGEST.

This work, covering the 1927 cases reported in the Abstract volume, is now completed, and it will require but a few days to bind it, and it will soon be sent to those who have ordered it.

It places before the Bar of Ohio for its 1928 use, a complete Digest; months before any similar work will appear, and one which will be doubly valuable, as it digests all 1927 Ohio case law. No other Digest will render this service.

### A FORMER PROSPECTUS

In The Abstract of June 26, 1927, the following appeared:

"We propose to make and keep the LAW ABSTRACT and its CURRENT DIGEST so complete and valuable that it will be regarded by the entire Legal Profession as so useful, and as such a necessary part of the Equipment of every law office, and so essential to the safe and sound practices of Ohio Law that its use will be considered compulsory, by every Lawyer in the State."

We believe that this prediction has been fulfilled. Its growth in the affection and support of the Ohio Bench and Bar, fully justified this statement. But it is like the appetite that "grows by what it feeds upon." "Much" demands "more" and its publishers are keeping step with the future possibilities of improving the paper and its requirements. If a better paper than the Abstract is ever to be published, it will be the Abstract itself, and it will be by its progenitors, who have also been its producers, the men who have worked so assiduously to make the achievement possible.

In the same paper the Abstract also said:

"It will give the most prompt and commendable DIGEST SERVICE, and this will be so apt and broad that it will FIT on to EVERY established SET of Ohio Digests and so keep it DOWN to DATE, that no lawyer, no matter what Digest he owns or favors, will need to buy any other supplement service, for case Law or Code Law extensions, and the cost will be comparatively small.

The Ternary Digest has STARTED the SYSTEM, and the Abstract's Weekly, cumulative Digests will furnish the digest matter to CONTINUALLY PERPETUATE it and all Antecedent and Cotemporary Digests."

And has not this promise also been fulfilled? The size of the Second Annual Abstract Digest we have just completed, covering the 1927 field work of the Ohio Courts, fully evidences the fulfillment of the promise. It clearly demonstrates the extent to which digesting of current authority, and presenting it in the most usable form has become a feature of the Abstract.

In fact, the Abstract, and its Digest adjuncts have so grown as to be crowding the space we have been devoting to the publication, and we are likely, soon, to find it necessary to enlarge the paper on this account.

(Continued from Page 28)
HOUCK, PJ.

1. Where language of insurance policy is clear, plain, and certain, no other meaning can be added by implication or intendment.

2. In construing insurance policy, court must adopt construction best corresponding with intention of parties, which is determined by giving to language sought to be interpreted its plain, usual, and ordinary meaning.

3. If insurance policy is susceptible to different interpretations, one most favorable to insured must be adopted.

4. Where jury is waived, trial judge has same power to pass on sufficiency and weight of evidence as jury would have had, and finding will not be disturbed by reviewing court unless manifestly against weight of evidence.

5. Where from evidence different minds might arrive at different conclusions reviewing court cannot reverse conclusion of judge trying case without jury, unless his judgment is manifestly against the weight of evidence or is not supported by any evidence.

6. In action on accident policy, findings of fact by judge trying case without jury, sustained by evidence that insured was totally disabled, causing total loss of time, will not be disturbed by reviewing court.

(Shields & Patterson, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.